## Mayhew's Estate. No. 1.

*William H. Peace* and *R. M. Remick*, for petitioners.

*H. Crowell Pepper*, contra.

LAMORELLE, P. J., February 17, 1931.—The petitioner is Eleanor E. Pike, one of the six children of Gertrude E. Mayhew. Four of the children file an answer, agreeing that the real estate may be partitioned. The sixth child, Gertrude P. Kuser, objects, alleging that her five minor children, who she claims are interested in the estate, are not made parties. Whether or not any of the children of the six children who survived Gertrude E. Mayhew have any interest in the estate depends upon the interpretation to be given the will of Lavinia M. Mayhew, who died in 1885.

Her will, which is dated January 6, 1872, and which has been duly probated, provides as follows:

"I give and bequeath to my said daughter Gertrude Estelle Mayhew all my personal property and the interest of all real estate belonging to me, as long as she lives; but if my said daughter Gertrude Estelle Mayhew should marry, then at her death the interest of my Real Estate goes to her issue.

"But, in the event of my daughter's death, without issue, all my property shall go to the Home for Destitute Colored Children, located at Maylandville on the Darby Road."

The daughter of testatrix, Gertrude Estelle Mayhew, who afterwards intermarried with Charles P. Pike, died September 26, 1929. She was survived, as is hereinbefore stated, by six children, Mary Agnes, intermarried with William F. Hart; Margaret B., intermarried with George D. Stull; Gertrude P., intermarried with William A. Kuser; Charles E. Pike, Joseph F. Pike and Eleanor E. Pike. In addition to these six children, there are twelve grandchildren, being issue of the above-named children.

The question for decision as set forth in petitioner's paper book is this:

"(a) Where a will provides that upon the death of a daughter, a life tenant, 'the interest of my real estate goes to her issue,' and the daughter at the time of her death was survived by six children and no issue of deceased children, are the living children of these six children included in the term

'issue?' In other words, is the estate now distributable among the six living children of the life tenant or among her eighteen living descendants?"

We are of opinion, and so rule, that the six children are alone entitled and that their issue may not compete with their parents, and should not, therefore, be parties to the pending proceeding. We base our ruling upon the opinion of Judge Gest, recently rendered in the Estate of John Lucas, as of October Term, 1901, No. 485, and affirmed by this court in a *per curiam* opinion [14 D. & C. 624].

Prior to the decision above referred to, there seemed to be no case in Pennsylvania directly in point, and it is contended by the respondent· that the present case does not come within our ruling in the Lucas matter. Judge Gest gave thorough and careful consideration to the different views held at different times by different courts as to the meaning of the word "issue," and his final conclusion, as embodied in the adjudication, is as follows:

"I am inclined to favor the view of the Massachusetts Court and to hold that there is a strong *prima facie* presumption against a testator intending, in a gift to issue, even with the words 'share and share alike,' to include parents and children as taking concurrently. See Lennig's Estate, 12 D. & C. 51, at p. 56, where, however, the point was not stressed."

By this Judge Gest held, in effect, that a stirpital distribution is presumed to be intended, unless some other language of the will discloses a contrary intention. In the instant case we have nothing but the word "issue," neither qualified, modified nor explained by any context, and for these reasons we hold that where there are children and living children of those children, the children take to the exclusion of their issue.

Another contention of the respondent is that the real estate should not be partitioned now, because realty under existing conditions is not readily marketable. It does not seem to us that this is a matter of any importance. It was not stressed in argument, and to deny the right of petitioner might result in grave injustice. Irrespective of values, all parties should be placed on the one footing, and it is within the power and discretion of the court to refuse to approve a sale, in event that a sale becomes necessary, if, in our judgment, the price is inadequate.

The prayer of the petition is granted; counsel to prepare a decree proper in the premises.